R. J. HARRISON, Appellant, v. HENRY PUSTEOSKA.

**Plea and Proof:** LAND SALE COMMISSION. Where the complaint, in an action for commission for procuring a purchaser for land, alleged an express oral promise by defendant to pay a reasonable commission, but defendant denied the promise, and testified that he merely told plaintiff, if he found a purchaser to send him around, and "I will do as much for you," no implied promise is involved, and it was proper to charge that plaintiff must prove the express promise alleged.

*Appeal from Tama District Court.—*HON. JOHN R. CALDWELL, Judge.

MONDAY, FEBRUARY 3, 1896.

ACTION at law to recover compensation for services alleged to have been rendered in securing a purchaser for real estate. There was a trial by jury, and a verdict and judgment for the defendant. The plaintiff appeals.—*Affirmed.*

*W. H. Stivers* for appellant.

*Struble & Stiger* for appellee.

ROBINSON, J.—The plaintiff alleges that in September, 1892, he was engaged in business at Toledo, in this state, as a real estate agent, and that the defendant was the owner of a meat market, with a two-story brick building, and other buildings, yards, tools, and horses and wagon, used to carry on a butchering and meat business in Toledo. That the defendant left the property with the plaintiff, as a land agent and broker, to find a purchaser for the property for the sum of seven thousand dollars, and orally agreed to pay the plaintiff, if he should furnish or

procure a purchaser for the property at the price stated, a reasonable commission therefor. The plaintiff further alleges that he furnished a purchaser for the property at the price stated, and is entitled to two hundred dollars as compensation for the services rendered, and he asks judgment for that amount. The defendant denies that the plaintiff is entitled to any compensation for services rendered, and by way of counterclaim seeks to recover twenty-three dollars and thirty cents, as balance due on account, and the further sum of four hundred dollars, on account of lots in the town of Griffith, in the state of Indiana, purchased by the defendant through the plaintiff, under an alleged guaranty by the latter in regard to the profit which should be made from the investment. The balance alleged to be due 'on account is not denied, and the verdict and judgment in favor of the defendant were for that amount.

I. It is shown, without conflict in the evidence, that the plaintiff found a purchaser for the property, the sale of which the defendant is alleged to have authorized, and the latter admits that he sold, and agreed to convey it to the purchaser thus found, for the sum of seven thousand dollars. It is also shown that the sale was not carried into effect, for the reason that the defendant could not convey a perfect title to the property. But the defendant states that he did not agree to pay the plaintiff for finding a purchaser; that he merely told the plaintiff, "If you hear of anyone that wants to buy and go into the butcher business, send him around, and I will do as much for you," to which the plaintiff said, "All right." The evidence in regard to the alleged contract of agency, was conflicting, and the court instructed the jury as follows: "If you find, from a preponderance of the evidence that the defendant, H. Pusteoska, left his property with the plaintiff, R. J. Harrison, as a land

agent and broker, to find said Pusteoska a buyer therefor, for seven thousand dollars cash, for which service he agreed to pay said Harrison a reasonable commission; that said plaintiff procured one, J. F. Klepsie, as a purchaser for said property; and that, after the said Klespie had entered into a contract of sale of said property, with defendant, the defendant refused, or was unable, to carry out the terms of said contract of sale --then the plaintiff is entitled to a commission from defendant for said services." The plaintiff complains of this portion of the charge, on the ground that it required him to show that the defendant agreed to pay him a reasonable sum for the services rendered, although it is the law that proof of services rendered by one, for the benefit of, and accepted by another, authorizes a presumption that payment for the services rendered, was to be made. The plaintiff did not seek to recover on an implied, but upon an express, agreement, and the charge followed the averments of the petition. The defendant had virtually admitted that the plaintiff was authorized to find a purchaser, but claimed that by the terms of his authority he was not to receive any compensation for doing so, excepting that the defendant was to "do as much" for him. We think that, as applied to the pleadings and the claim of the parties, the objection made to the charge is not well founded.

II. It is urged that the verdict was contrary to the evidence. We need not set it out at length. It was conflicting, and some of it tended to support the claims of the defendant. The jury was authorized to find that there was no agreement to pay any definite, or even a reasonable, compensation for the finding of a purchaser; that the defendant did not expect to pay anything for such service, and that the plaintiff knew the fact before he had rendered it. It was also authorized to find that the plaintiff was not empowered

to fix any price or terms of sale, and that when he brought the purchaser to the defendant, the latter stated that he wished to sell, but did not think he could give a clear title to the property, on account of the condition of his wife, who, it is said, was insane. If the evidence for the defendant is credible (and the jury evidently thought that it was), there was no express agreement to pay the plaintiff for finding a purchaser, and no implied obligation was created by what the plaintiff did. The judgment of the district court appears to be correct and it is AFFIRMED.